IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHARON R. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:05CV804-SRW |
| ) | (WO) |
| JO ANNE B. BARNHART, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION**

Plaintiff Sharon R. Miller brings this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and Supplemental Security Income under the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be reversed.

**BACKGROUND**

On November 5, 2003, plaintiff filed an application for disability insurance benefits and Supplemental Security Income. On December 7, 2004, after the claim was denied at the initial administrative levels, an ALJ conducted an administrative hearing. The ALJ rendered a decision on March 25, 2005. The ALJ concluded that plaintiff suffered from severe impairments. However, he found that plaintiff's impairments, considered in combination,

did not meet or equal the severity of any of the impairments in the "listings" and, further, that plaintiff retained the residual functional capacity to perform jobs existing in significant numbers in the national economy. Thus, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. On June 23, 2005, the Appeals Council denied plaintiff's request for review and, accordingly, the decision of the ALJ became the final decision of the Commissioner.

## STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

> To make this determination the Commissioner employs a five step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).[1]

The court's review of the Commissioner's decision is narrowly circumscribed. The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion." Cornelius, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis, 985 F.2d at 531. If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. Cornelius, 936 F.2d at 1145-46.

## DISCUSSION

The plaintiff argues that, in assessing plaintiff's residual functional capacity, the ALJ improperly failed to credit the opinion of Dr. King, the consultative examiner, that plaintiff can never stoop, kneel, crouch or crawl, and the opinion of treating PA Bolin that plaintiff should avoid excessive bending and prolonged sitting. Plaintiff contends that these

---

[1] McDaniel v. Bowen, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. See *e.g.* Ware v. Schweiker, 651 F.2d 408 (5th Cir. 1981) (Unit A).

nonexertional limitations preclude the ALJ's use of the grids.

### Reliance on the "Grids"

At the time of the administrative hearing, the medical evidence did not include a physical capacities evaluation (PCE) from any medical source.  Accordingly, the ALJ ordered a consultative examination, which was performed by Dr. William King on February 2, 2005.  (R. 190-97; see also R. 84-85, 236).  In determining plaintiff's residual functional capacity, the ALJ relied on the Medical Source Opinion (Physical) form completed by Dr. King.  (See R. 21).  The ALJ summarized the content of Dr. King's examination report.  He then discussed the PCE, stating:

> Dr. King completed a Medical Source Opinion (Physical) on which he found the claimant can stand, sit and walk for 1 hour at a time.  He found she can stand and walk for 6-8 hours during an 8-hour day.  Dr. King indicated the claimant can sit for 8 hours during an 8-hour day.  He found the claimant can constantly lift and carry 5 pounds; frequently lift 10-15 pound[s] and occasionally lift and carry 25 pounds.  Dr. King found the claimant can frequently use her arms and legs for pushing and pulling.  (Exhibit 9F).

(R. 21).  On the form, Dr. King also noted that plaintiff can never stoop, kneel, crouch or crawl.  (Exhibit 9F, R. 195).  The ALJ did not mention these additional limitations in his opinion. (See R. 19, 21)(otherwise thoroughly summarizing Dr. King's report but omitting these limitations).

Limitations in stooping, kneeling, crouching and crawling are nonexertional postural limitations.  See SSR 96-8p ("Nonexertional capacity considers all work-related limitations and restrictions that do not depend on an individual's physical strength; *i.e.*, all physical limitations and restrictions that are not reflected in the seven strength demands, and mental limitations and restrictions. It assesses an individual's abilities to perform physical activities

such as postural (*e.g.*, stooping, climbing), manipulative (*e.g.*, reaching, handling), visual (seeing), communicative (hearing, speaking), and mental (*e.g.*, understanding and remembering instructions and responding appropriately to supervision).  In addition to these activities, it also considers the ability to tolerate various environmental factors (*e.g.*, tolerance of temperature extremes)."); see also Phillips v. Barnhart, 357 F.3d 1232, 1242 n. 11 (11th Cir. 2004)("Exertional limitations affect an individual's ability to meet the seven strength demands of the job: sitting, standing, walking, lifting, carrying, pushing, and pulling.  Nonexertional limitations or restrictions affect an individual's ability to meet the other demands of jobs and include mental limitations, pain limitations, and all physical limitations that are not included in the seven strength demands.")(citation omitted); SSR 85-15 ("Nonexertional limitations can affect the abilities to reach; to seize, hold, grasp, or turn an object (handle); to bend the legs alone (kneel); to bend the spine alone (stoop) or bend both the spine and legs (crouch).").  Whether plaintiff suffers from the limitations imposed by Dr. King with regard to stooping, kneeling, crouching and crawling is critical in this case because – if she does – the ALJ was required to support his step five determination with vocational expert testimony.

> The general rule is that after determining the claimant's RFC and ability or inability to return to past relevant work, the ALJ may use the grids to determine whether other jobs exist in the national economy that a claimant is able to perform.  However, "exclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills."
>
> Therefore, [the court] must determine whether *either* of these two conditions exists in this case.  If *either* condition exists, the ALJ was required to consult

a vocational expert.

Phillips, *supra*, 357 F.3d at 1242 (citations omitted)(emphasis and alteration in original).

In this case, the ALJ accepted Dr. King's assessment of plaintiff's exertional limitations. However, he did not discuss – or even acknowledge – the nonexertional limitations set forth in Dr. King's evaluation. In McCloud v. Barnhart, 2006 WL 177576 (11th Cir. Jan. 25, 2006)(unpublished opinion), the Eleventh Circuit determined that the case was due to be remanded to the Commissioner because, in part, the ALJ failed to explain his reasons for discrediting a portion of the report of a consultative psychologist. The court stated:

> The ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion. Bloodsworth v. Heckler, 703 F.2d 1233, 1240 (11th Cir. 1983). The ALJ is required, however, to state with particularity the weight he gives to different medical opinions and the reasons why. Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987). Here, the ALJ neither explained the weight that he gave to the [consulting psychologist's] report nor why he discredited [the psychologist's] findings regarding McCloud's ability to engage in prolonged work. On remand, the ALJ must make these determinations.

Id. at * 7.

The court recognizes that the ALJ need not "specifically refer to every piece of evidence in his decision." Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005)(citation omitted); see also Heppell-Libsansky v. Commissioner of Social Security, 170 Fed. Appx. 693, 698 n. 4 (11th Cir. Mar. 14, 2006)(unpublished opinion)(rejecting plaintiff's argument that it is reversible error for an ALJ not to assign weights to the opinions of treating physicians explicitly, where it was clear from the decision that the ALJ gave appropriate

consideration to the opinions). However, as noted above, Dr. King's is the only PCE in the record. It appears from the medical evidence that plaintiff has severe impairments – osteoarthritis and obesity – which could reasonably give rise to the nonexertional limitations set forth by Dr. King.[2] The ALJ was free to reject Dr. King's opinion as to these limitations if such rejection was supported by substantial evidence; however, he was required to consider that opinion. The court is unable to determine from the ALJ's decision that he gave appropriate consideration to this opinion or, indeed, that he gave *any* consideration to Dr. King's opinion as to the nonexertional limitations. Because the ALJ has failed to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. Cornelius, 936 F.2d at 1145-46.[3]

## CONCLUSION

For the foregoing reasons, the decision of the Commissioner is due to be REVERSED, and this action REMANDED for further proceedings. The ALJ's decision after remand must specify which impairments he found to be severe and must reflect that he considered Dr. King's assessment of plaintiff's nonexertional limitations. If the ALJ finds that plaintiff has nonexertional limitations, he must obtain vocational expert testimony.

---

[2] The ALJ found that plaintiff suffered from severe impairments but did not state which impairments he found to be severe. (See R. 15, 25). The ALJ's failure to specify the severe impairments unnecessarily complicates review. On remand, the ALJ should enumerate plaintiff's severe impairments.

[3] In view of this conclusion, the court does not reach plaintiff's remaining arguments. The court expects that the Commissioner will consider these arguments on remand.

Done, this 28th day of September, 2006.

                                                /s/ Susan Russ Walker
                                                SUSAN RUSS WALKER
                                                UNITED STATES MAGISTRATE JUDGE